## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOLUTIONS LLC, and<br>BLACKBIRD TECH LLC<br><br>Plaintiffs,<br><br>v.<br><br>SIERRA WIRELESS AMERICA, INC., and<br>SIERRA WIRELESS, INC.,<br><br>Defendants. | C.A. No. 14-1102-RGA |
| M2M SOLUTIONS LLC, and<br>BLACKBIRD TECH LLC<br><br>Plaintiffs,<br><br>v.<br>TELIT WIRELESS SOLUTIONS INC.,<br><br>Defendant. | C.A. No. 14-1103-RGA |

## [PROPOSED] AMENDED SCHEDULING ORDER

Plaintiffs M2M Solutions LLC and Blackbird Tech LLC d/b/a Blackbird Technologies (collectively "Plaintiffs") and Defendants Sierra Wireless America, Inc., Sierra Wireless, Inc., and Telit Wireless Solutions, Inc. (collectively, "Defendants") hereby submit the following proposal for entry of an amended schedule of event dates to govern their respective actions. The court previously entered a Scheduling Order (Dkt. 14) and an Amended Scheduling Order (Dkt. 33).

1.      **Updating of Previous Pleadings, Disclosures, and Briefings**

| Event | Date |
|---|---|
| Blackbird Initial Disclosures | December 21, 2018 |
| Amended Identification of Asserted Claims and Accused Products | January 4, 2019 |
| Supplemental Production of Core Technical Documents and Production of Sales Information for the Accused Products | February 1, 2019 |
| Amended Preliminary Infringement Contentions | March 8, 2019 |
| Amended Preliminary Invalidity Contentions | April 12, 2019 |
| Joinder of Parties and Amended Pleadings | April 19, 2019 |
| Exchange of List of Terms for Construction | May 10, 2019 |
| Exchange of Proposed Constructions | May 17, 2019 |
| Submission of Joint Claim Chart | May 24, 2019 |

All disclosures shall be updated and motions to join other parties or to amend or supplement the pleadings shall be filed on or before **April 19, 2019**. The parties shall complete all preliminaries to claim construction briefing by **May 24, 2019**.

a.      **Identification of Asserted Claims**

By **January 4, 2019**, Plaintiffs shall specifically identify claims they are asserting, updating earlier disclosures.

b.      **Identification of Accused Products**

By **January 4, 2019**, Plaintiffs shall specifically identify products that they are accusing of infringement, updating earlier disclosures.

c.      **Production of Core Technical Documents and Sales Information**

By **February 1, 2019**, Defendants shall substantially complete production to the Plaintiffs of core technical documents and sales and revenue information (for the period beginning six years prior to the filing of these cases) relating to any accused product (*e.g.*, newly accused products) for which such documents were not already previously produced in the

2

previous actions.  These core technical documents need not be duplicative of those produced in the previous actions. On Defendants' representation that providing the sales and revenue information cannot be met by the February 1 deadline, Plaintiff agrees to grant Defendants an extension to March 1, 2019 to produce such sales and revenue information.

### d.    Infringement Contentions

By **March 8, 2019**, Plaintiffs shall produce to Defendants infringement contentions, including detailed initial claim charts relating each accused product to the asserted claims that each accused product allegedly infringes.  The claim charts shall identify, by bates numbers, the page(s) of the document on which Plaintiff is relying, and shall specifically identify the allegedly infringing component of each accused product.

### e.    Preliminary Invalidity Contentions

By **April 12, 2019**, Defendants shall produce to Plaintiffs invalidity contentions addressing each asserted claim, which shall be accompanied by the related invalidity references (*e.g.*, publications, manuals, and patents) to the extent not already previously produced in the previous actions. The claim charts shall identify, by bates numbers, the page(s) of the document on which Defendants are relying, and shall specifically identify the portions of the prior art allegedly disclosing the limitations of the asserted claims.

### f.    Identification of Claim Construction Issues

On or before **May 10, 2019**, the parties shall exchange lists of those claim term(s)/phrase(s) of the asserted patents that they believe need construction. On or before **May 17, 2019**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court.  Subsequent to exchanging their lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than

**May 24, 2019**.  The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the asserted patents as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

### 2.    Fact Discovery

As previously stated in the original Scheduling Order (Dkt. 14), the parties have already previously completed fact discovery in the related 12-030-RGA, 12-032-RGA, and 12-033-RGA actions (collectively, the "previous actions").  The parties may use discovery from the previous actions for all purposes in this action as if it had been obtained herein.  The parties acknowledge their obligation under Fed. R. Civ. P. 26(b)(1) to avoid duplicative discovery requests as well as their obligations under Fed. R. Civ. P. 26(e)(1)(A) to supplement and correct their disclosures and responses. The original scheduling order (Dkt. 14) sets forth the previously agreed limits on discovery.

### a.    Discovery Cut Off

| Event | Date |
| --- | --- |
| Substantial Completion of Document Production | October 25, 2019 |
| Fact Discovery Closure | December 20, 2019 |

Each party shall substantially complete its required production of documents and things by **October 25, 2019**. All fact discovery in this action shall be initiated so that it will be completed on or before **December 20, 2019**.

4

### b.    Document Requests

Plaintiffs may serve up to thirty (30) document requests on Defendants collectively in each action.  Defendants collectively in each action may serve up to thirty (30) document requests on Plaintiffs. A reasonable, non-burdensome request seeking information relating to multiple products shall constitute a single request.

### c.    Requests for Admission

Plaintiffs may serve up to thirty (30) requests for admission on Defendants collectively in each action.  Defendants collectively in each action may serve up to thirty (30) requests for admission on Plaintiffs.

A reasonable, non-burdensome request for admission directed to more than one accused product shall count as a single request for admission.  A reasonable, non-burdensome request for admission directed to more than one prior art reference shall count as a single request for admission.

Notwithstanding the foregoing, there shall be no limitations on the number of requests for admission any party may use solely for the purpose of authentication of evidence.

### d.    Interrogatories

Plaintiffs may serve up to twenty (20) interrogatories on Defendants collectively in each action.  Defendants collectively in each action may serve up to twenty (20) interrogatories on Plaintiffs.

A reasonable, non-burdensome interrogatory directed to more than one accused product shall count as a single interrogatory.  A reasonable, non-burdensome interrogatory directed to more than one prior art reference shall count as a single interrogatory.

### e.   Depositions

#### i.   *Limitations on Hours for Deposition Discovery*

The total number of non-expert deposition hours taken by Plaintiffs of Defendants collectively in each action shall not exceed twenty-five (25) hours.

The total number of non-expert deposition hours taken by Defendants collectively in each action of Plaintiffs, the Wesbys, and the owners, members, officers, directors, managing agents and employees of Plaintiffs, shall not exceed thirty-two (32) hours.

The total number of deposition hours of non-expert third-party witnesses that Plaintiffs may take shall not exceed fifty (50) hours in all actions. The total number of deposition hours of non-expert third-party witnesses that Defendants collectively in each action may take shall not exceed twenty-five (25) hours.

#### ii.   *Location of Depositions*

All deposition shall be at a mutually agreeable location. If the parties fail to agree on a location, the deposition shall take place in Wilmington, Delaware.

### f.   Discovery Matters and Disputes Relating to Protective Orders

Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight (48) hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four (24) hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its

6

opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court in accordance with the Court's ECF procedures and all other parties within one (1) hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

**3.   Papers Filed Under Seal**

When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

**4.   Courtesy Copies**

The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (*i.e.,* appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

**5.   Claim Construction**

| Event | Date |
|---|---|
| Plaintiffs' Opening Claim Construction Brief | June 28, 2019 |
| Defendants' Answering Claim Construction Brief | July 26, 2019 |
| Plaintiffs' Reply Claim Construction Brief | August 16, 2019 |
| Defendants' Sur-Reply Claim Construction Brief | September 6, 2019 |
| Submission of Joint Claim Construction Brief | September 13, 2019 |
| Claim Construction Hearing | October 17, 2019 |

Plaintiffs shall serve, but not file, their opening brief, not to exceed twenty (20) pages. Plaintiffs' opening brief shall be served by **June 28, 2019**. Defendants shall serve, but not file, their answering brief, not to exceed thirty (30) pages, by **July 26, 2019**. Plaintiff shall serve, but not file, its reply brief, not to exceed twenty (20) pages, by **August 16, 2019**. Defendants shall serve, but not file, their sur-reply brief, not to exceed ten (10) pages, by **September 6,**

7

**2019**. The parties shall file a Joint Claim Construction Brief by **September 13, 2019**. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-Upon Constructions

II. Disputed Constructions

A. [TERM 1]
    1. Plaintiffs' Opening Position
    2. Defendants' Answering Position
    3. Plaintiffs' Reply Position
    4. Defendants' Sur-Reply Position

B. [TERM 2]
    1. Plaintiffs' Opening Position
    2. Defendants' Answering Position
    3. Plaintiffs' Reply Position
    4. Defendants' Sur-Reply Position

Etc.

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

The Court will hear argument on claim construction related to the asserted claims beginning at 9:00 A.M. Eastern, **October 17, 2019**. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three (3) hours.

These deadlines provide Defendants with four weeks to answer Plaintiffs' claim construction positions, three weeks for each reply brief, and one week for submission of the joint claim construction brief. The claim construction hearing would occur five weeks later.

### 6. Disclosure of Expert Testimony

#### a. Expert Reports

| Event | Date |
| --- | --- |
| Opening Expert Reports | January 24, 2020 |
| Rebuttal Expert Reports | February 28, 2020 |
| Reply Expert Reports | March 27, 2020 |

No other expert reports will be permitted without either the consent of the adverse party or leave of the Court.   All expert reports shall include the exhibits required under Fed. R. Civ. P. 26(b)(3), bates number references to pages where the supporting material is found, and copies of documents that have not been produced.

For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due by **January 24, 2020**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due by **February 28, 2020**. Reply expert reports from the party with the initial burden of proof are due by **March 27, 2020**.

#### b. Expert Depositions

| Event | Date |
| --- | --- |
| Close of Expert Discovery | May 1, 2020 |

Along with the submissions of the expert reports, the parties shall advise all other parties of the dates and times of their experts' availability for deposition.

#### c. Objections to Expert Testimony

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Answers in opposition to and replies in support of any such motion shall follow the schedule for dispositive motions.

7.   **Case Dispositive Motions**

| Event | Date |
|---|---|
| Opening Briefs for Dispositive Motions and *Daubert* Motions[1] | June 5, 2020 |
| Answering Briefs for Dispositive Motions and *Daubert* Motions | July 10, 2020 |
| Reply Briefs for Dispositive Motions and *Daubert* Motions | August 7, 2020 |
| Case Dispositive Motion and *Daubert* Motion Hearing | September 11, 2020 |

The deadline for serving and filing all case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be **June 5, 2020**. The deadline for serving and filing all answering briefs and affidavits, if any, in opposition to the motion shall be **July 10, 2020**. The deadline for serving and filing all reply briefs and affidavits, if any, in support of the motion shall be **August 7, 2020**.

The Court shall hold a hearing regarding *Daubert* and case-dispositive motions at its convenience in or about the month of September.

8.   **Application by Motion**

Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9.   **Final Pretrial Conference(s)**

---

[1] No case dispositive motion under Rule 56 may be filed more than ten (10) days before the date specified without leave of the Court.

The Court will hold a Rule 16(e) final pretrial conference in Court with counsel. For the final pretrial conference, the parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 6:00 P.M. Eastern on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

The final pretrial conference in **C.A. No. 14-1103-RGA (Telit Defendants)** should occur on **November 20, 2020**. The final pretrial conference in **C.A. No. 14-1102-RGA (Sierra Defendants)** should occur on **December 18, 2020**.

10.   **Motions *in Limine***

Motions *in limine* shall not be separately filed.   All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.   The Plaintiff and each Defendant shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.   No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

11.   **Jury Instructions, Voir Dire, and Special Verdict Forms**

Where a case is to be tried to a jury, pursuant to Local Rules 47.1 (a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before

the date of the final pretrial conference.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.usgours.gov.

**12.**     <u>**Trial(s)**</u>

A first five (5) day jury trial in **C.A. No. 14-1103-RGA** will be scheduled to begin on **December 7, 2020**, with subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

A first five (5) day jury trial in **C.A. No. 14-1102-RGA** will be scheduled to begin on **January 11, 2021**, with subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

**13.**     <u>**ADR Process**</u>

These actions are referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE

1/2/19