IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOLUTIONS, LLC, and<br>BLACKBIRD TECH LLC<br><br>        Plaintiffs,<br><br>   v.<br><br>SIERRA WIRELESS AMERICA, INC., and<br>SIERRA WIRELESS, INC.<br><br>        Defendants. | C.A. No. 14-1102-RGA<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiffs Blackbird Tech LLC ("Blackbird") and M2M Solutions, LLC ("M2M Solutions") bring this action for patent infringement under the laws of the United States relating to patents, 35 U.S.C. §§ 1 *et seq.*, against Defendants Sierra Wireless America, Inc. and Sierra Wireless, Inc. (collectively, "Sierra Wireless"), hereby alleging as follows:

### THE PARTIES

1. Plaintiff M2M Solutions is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at P.O. Box 541, Shepherdstown, WV 25443-0541.

2. Plaintiff Blackbird is a Delaware limited liability company with its principal place of business located at 200 Baker Ave., Suite203, Concord, MA 01742.

3. Upon information and belief, Defendant Sierra Wireless America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2200 Faraday Avenue, Suite 150, Carlsbad, California 92008. Upon

information and belief, Sierra Wireless America, Inc. is a wholly-owned subsidiary of Defendant Sierra Wireless, Inc., and has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its registered agent for service of process.

4. Upon information and belief, Defendant Sierra Wireless, Inc. is a foreign corporation organized and existing under the laws of Canada, having its principal place of business at 13811 Wireless Way, Richmond, B.C., VDV 3A4, Canada. Upon information and belief, Sierra Wireless, Inc. is the ultimate parent company of Defendant Sierra Wireless America, Inc.

## JURISDICTION AND VENUE

5. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) because this action arises under the patent laws of the United States.

6. Upon information and belief, Sierra Wireless has submitted to the personal jurisdiction of this Court by committing acts that establish its legal presence within the State of Delaware, including acting directly, and/or through its third-party distribution network, to sell and offer for sale to Delaware residents infringing products and related services that practice, embody, and/or facilitate unauthorized use of the claimed inventions of the patent-in-suit. Upon information and belief, Sierra Wireless has also generally acted to place these infringing products and related services into the stream of commerce with the intent, purpose, and reasonably foreseeable result of supplying the Delaware market therewith. Moreover, upon information and belief, Sierra Wireless has actively induced Delaware residents to use these products and services in an infringing manner by making available and/or disseminating within this judicial district promotional and marketing materials, instructional materials, product manuals, and technical materials illustrating and advocating such infringing uses. By virtue of its above-described

actions, Sierra Wireless has transacted business, performed services, contracted to supply services, caused tortious injury, regularly done or solicited business, engaged in a persistent course of conduct, and/or derived substantial revenues from infringing products and services used in Delaware.  In light of Sierra Wireless's aforementioned contacts with the State of Delaware and its purposeful availment of the rights and benefits of Delaware law, maintenance of this suit would not offend traditional notions of fair play and substantial justice.

7. This Court has further grounds for exercising personal jurisdiction over Sierra Wireless America, Inc. because Sierra Wireless America, Inc. is a Delaware corporation. By virtue of its incorporation under Delaware law, Sierra Wireless America, Inc. has acquiesced to personal jurisdiction in the courts of the State of Delaware and resides in the State of Delaware.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), (c), and (d) and 1400(b) because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, Sierra Wireless America, Inc. resides in this judicial district, and Sierra Wireless has committed acts of patent infringement and has a regular presence in this judicial district.

**THE PATENT-IN-SUIT**

9. On February 11, 2014, United States Patent No. 8,648,717 (the "'717 patent-in-suit"), entitled "Programmable Communicator," was duly and legally issued by the United States Patent and Trademark Office to inventor Eveline Wesby-van Swaay.  A true and correct copy of the '717 patent-in-suit is attached hereto as Exhibit A. From the time of patent issuance until June 20, 2017, M2M Solutions was the sole owner by assignment of the entire rights, title, and interest in and to the '717 patent-in-suit, including the rights to sue on and recover damages for any past, current, or future infringements thereof.  On June 20, 2017, M2M

assigned the '717 patent to Blackbird, as well as the right to sue for past, present, and future infringement.

10. The claimed inventions of the '717 patent-in-suit relate in relevant part to wireless modules designed and intended for use in machine-to-machine ("M2M") communications. So-called M2M communications encompass a variety of applications in which one machine is able to remotely monitor and/or manage a second machine in a relatively autonomous fashion by communicating with or through a wireless module that is embedded in or otherwise linked to that second machine. By way of limited examples, M2M applications are prevalent in the fields of automated meter reading, asset tracking and fleet management, automotive telematics, commercial and residential security systems, wireless telemedicine and healthcare devices, industrial automation and controls, remote information displays and digital signage, and the remote control of certain consumer devices and appliances, point of sale payment systems, vending machines, kiosks, and ATM and banking machines.

11. Sierra Wireless became aware of the allowance of the '717 patent-in-suit by not later than the December 19, 2013 date on which e-mail notification regarding said patent was provided to Robert Krebs, Ron Lopez, Jennifer Hayes, and Tom Grimm, Counsel for Sierra Wireless in C.A. No. 12-030, previously pending in this District. Subsequently, on February 11, 2014, Sierra Wireless filed a declaratory judgment action against M2M Solutions pertaining to the '717 patent-in-suit in C.A. No. 14-178. That declaratory action was voluntarily dismissed by Sierra Wireless on June 11, 2014.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,648,717

12. Plaintiffs reallege and incorporate by reference each and every allegation of Paragraphs 1-10 above as if fully set forth herein.

13. Sierra Wireless has directly infringed, and continues to directly infringe, one or more claims of the '717 patent-in-suit under 35 U.S.C. §271(a), either literally and/or under the doctrine of equivalents, by without authority making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, wireless module, terminal, and/or and gateway products (and related services) that are designed and promoted for use in M2M communications applications, and that embody and/or practice the inventions of one or more claims of the '717 patent-in-suit. These products include, but are not limited to, those products identified on Exhibit B to this Complaint.

14. Sierra Wireless has had actual and/or constructive knowledge of the existence of the '717 patent since February 11, 2014, for at least the reasons detailed above in Paragraph 11.  In addition, Sierra Wireless received further confirmatory notice as to the existence and its infringement of the '717 patent-in-suit when it was served with the Original Complaint in this action by Plaintiff M2M Solutions. Sierra Wireless received further notice by the service of disclosures by Plaintiffs, including but not limited to Plaintiffs' service of Preliminary Infringement Contentions on March 8, 2019.

15. With knowledge of the '717 patent-in-suit, Sierra Wireless has indirectly infringed, and continues to indirectly infringe, one or more claims thereof under 35 U.S.C. §271(b) through the active inducement of direct infringement by intending to encourage, and in fact encouraging, its customers to configure Sierra Wireless's embedded wireless module, terminal, and/or and gateway products (and related services) in an infringing manner that embodies and/or practices the claimed inventions of the '717 patent-in-suit, and to without authority use, import, offer for sale, and/or sell those products so configured within or into the United States.  Sierra Wireless has actively induced direct infringement by, *inter alia*, designing

and introducing into the stream of commerce its embedded wireless module, terminal, and/or and gateway products (and related services) suitable for infringing uses in M2M communications applications, by publishing manuals and promotional literature describing and instructing the configuration and operation of those products (and use of its services) in an infringing manner by its customers, and by offering support and technical assistance to its customers that encourages use of those products and services in ways that directly infringe one or more claims of the '717 patent-in-suit.  Upon information and belief, Sierra Wireless has performed the acts that constitute inducement of infringement with the knowledge or willful blindness that the acts induced thereby would constitute direct infringement by its customers.

16. Sierra Wireless has also indirectly infringed, and continues to indirectly infringe, one or more claims of the '717 patent-in-suit under 35 U.S.C. §271(c) by selling, offering for sale, and/or importing its embedded wireless module, terminal, and/or and gateway products (and related services) within or into the United States knowing that those products are especially made or especially adapted for use in direct infringements of the '717 patent-in-suit by its customers, and knowing that those products are not a staple article or commodity of commerce suitable for substantial noninfringing use.

17. Upon information and belief, Sierra Wireless's acts of infringing the '717 patent-in-suit have been willful or otherwise egregious and undertaken in knowing and deliberate disregard of Plaintiffs' patent rights.

18. Plaintiffs have been and continue to be damaged by Sierra Wireless's infringements of the '717 patent-in-suit in an amount to be determined at trial.

19. Upon information and belief, Sierra Wireless's willful or otherwise egregious infringements, together with its other conduct in this action, have or will render this

case exceptional under 35 U.S.C. §285 and thereby entitle Plaintiffs to recovery of its attorneys' fees and costs incurred in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in their favor and against Sierra Wireless as follows:

(a)     Declaring that Sierra Wireless has directly infringed, induced others to infringe, and/or committed acts of contributory infringement with regard to one or more claims of the '717 patent-in-suit;

(b)     Awarding damages adequate to fully compensate Plaintiffs within the meaning of 35 U.S.C. §284 for the past acts of infringement committed by Sierra Wireless, as well as any applicable prejudgment and post-judgment interest thereon at the maximum rates allowed by law;

(c)     Awarding an accounting and supplemental damages adequate to fully compensate Plaintiffs within the meaning of 35 U.S.C. §284 for any continuing or future acts of infringement committed by Sierra Wireless subsequent to the discovery cut-off date in this action, as well as any applicable prejudgment and post-judgment interest thereon at the maximum rates allowed by law;

(d)     Awarding treble or otherwise enhanced damages to Plaintiffs pursuant to 35 U.S.C. §284 for the acts of willful infringement committed by Sierra Wireless, as well as any applicable prejudgment and post-judgment interest thereon at the maximum rates allowed by law;

(e)     Declaring that this action is exceptional within the meaning of 35 U.S.C. §285, and concomitantly awarding Plaintiffs their attorneys' fees as the prevailing party in this

action, as well as any applicable prejudgment and post-judgment interest thereon at the maximum rates allowed by law;

    (f)  Awarding Plaintiffs their costs and expenses incurred in this action;

    (g)  Awarding any further relief to Plaintiffs that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

  Plaintiffs demand a jury trial as to all issues arising in this action that are so triable.

| | |
|---|---|
| Dated: April 19, 2019 | STAMOULIS & WEINBLATT LLC |
| OF COUNSEL | */s/ Stamatios Stamoulis* <br> Stamatios Stamoulis (#4606) |
| Wendy Verlander <br> wverlander@blackbird-tech.com <br> Clifford Chad Henson <br> chenson@blackbird-tech.com <br> Jeffrey Adhoot <br> jadhoot@blackbird-tech.com <br> Blackbird Tech LLC d/b/a <br> Blackbird Technologies <br> One Boston Place, Suite 2600 <br> Boston, MA 02108 <br> 617.307.7100 | stamoulis@swdelaw.com <br> Richard C. Weinblatt (#5080) <br> weinblatt@swdelaw.com <br> 800 N. West Street, Third Floor <br> Wilmington, DE 19801 <br> Telephone: (302) 999-1540 |