IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

M2M SOLUTIONS LLC, and  
BLACKBIRD TECH LLC,  

        Plaintiffs,  

v.                          Civil Action No. 14-1102-RGA

SIERRA WIRELESS AMERICA, INC.,  
And SIERRA WIRELESS, INC.  

        Defendants.  

## ORDER CLARIFYING MEMORANDUM OPINION

Defendants filed a motion for attorney fees (D.I. 218), which I granted (D.I. 241). Plaintiff M2M moves for clarification and/or reconsideration. (D.I. 244). I don't usually grant such motions, but here I do.

Early on in the case, M2M assigned its patent rights to Blackbird. M2M wanted to get out of the case, but Defendant objected to that, so M2M remained in the case. (D.I. 49). That was in 2017. All substantive oral arguments from that time were made by Blackbird's non-Delaware attorneys (D.I. 90 (scheduling conference—Mr. Henson); D.I. 128 (Markman Hearing—Mr. Ahdoot); D.I. 175 (discovery dispute—Mr. Gerasimow). Pretty clearly, the summary judgment briefing was also in the hands of Blackbird's counsel. (D.I. 177 at 48 of 49 (signature page for Delaware counsel for both Plaintiffs, non-Delaware counsel for Blackbird, and no non-Delaware counsel for M2M); D.I. 208 (same for objections to Magistrate Judge's R&R)). It is true that M2M continued to have Delaware counsel of record, and I do not see any evidence that M2M was not able to protect its own interests.

The motion for attorney fees, the briefing on the motion, and my opinion, while occasionally referring to the two plaintiffs individually, did not differentiate between the two in terms of culpability. My conclusion was that the conduct that made the case "exceptional" was conduct occurring after January 29, 2020. (D.I. 241 at 8). The issue in my opinion was whether the case was exceptional and, if it was, when attorney fees should start to accrue. Differentiating between M2M and Blackbird was not something to which I gave any consideration. I think it would be a manifest injustice to award attorney fees against M2M considering that, so far as I can see, M2M would have been out of the case long before 2020 but for Defendant's objection, and M2M played no part in the objectively baseless post-Markman litigation strategy.

Thus, M2M's motion (D.I. 244) is GRANTED. I clarify that attorney fees are awarded only against Blackbird. The parties (meaning Blackbird and Sierra) are directed to submit a joint status report including a stipulation as to the amount of attorney fees. In the absence of agreement, Sierra should file a fee accounting consistent with this Order and previous Orders within 21 days of the submission of the status report.

IT IS SO ORDERED this 16th day of August 2022.

/s/ Richard G. Andrews
United States District Judge